**IN THE UNITED STATES COURT OF APPEALS
FOR THE D.C. CIRCUIT**

*Heping Li, et al.*,

Appellants,

*v.*

*Industrial Commercial Bank of China, et al.*,

Appellees.

Case No. 23-07052

**APPELLEE INDUSTRIAL AND COMMERCIAL BANK OF CHINA LIMITED'S MOTION TO DISMISS FOR LACK OF PROSECUTION**

Pursuant to Federal Rule of Appellate Procedure 31(c) and D.C. Circuit Rule 38, Appellee Industrial and Commercial Bank of China Limited ("ICBC Limited"), by and through its undersigned counsel, respectfully moves to dismiss the appeal of Appellants Heping Li, Xiaogang Shi, and Yanlan Huang from the District Court for the District of Columbia's April 5, 2023 Memorandum Opinion and Order, Case No. 1:20-cv-02008-JMC (attached hereto as Exhibit 1) for lack of prosecution. Pursuant to the Court's November 13, 2023 Order, Appellants were required to file their appellate brief by December 29, 2023. To date, Appellants have not filed their brief or requested leave for an extension of time. Appellants' repeated violations of this Court's Rules justifies dismissal of their appeal.

Under Federal Rule of Appellate Procedure 31(c), an appellee may move to dismiss an appeal where "an appellant fails to file a brief within the time provided

by this rule, or within an extended time[.]" Likewise, under this Court's local rules, "[w]hen any party to a proceeding before this court or any attorney practicing before the court fails to comply with the [Federal Rules of Appellate Procedure], these rules, or an order of this court . . . the court may, on its own motion, or on motion of a party, impose appropriate sanctions on the offending party, the attorney, or both," which includes "dismissal for failure to prosecute[.]" *See* D.C. Cir. Rule 38. Here, Appellants have failed to comply with this Court's Order and the D.C. Circuit Rules, and have failed to prosecute this appeal, such that dismissal is warranted.

On July 5, 2023, the Court entered an order, directing Appellants to file their appellate brief no later than August 14, 2023. ECF No. 15. On August 8, 2023, Appellants submitted their first request for an extension of time to file their brief. ECF No. 16. Appellants missed the deadline to file this request, submitting it outside of the 7-day window required by the D.C. Circuit Rules. D.C. Cir. Rule 28(e)(2); Fed. R. App. Pro. 26(a)(1). Notwithstanding this fact, Appellee did not file an opposition, and on August 22, 2023, the Court entered a revised briefing schedule, providing Appellants with an extension to file their brief, until November 14, 2023. ECF No. 17.

On November 8, 2023, which was again outside of the 7-day window for an extension of time required by the D.C. Circuit Rules, Appellants submitted another motion to extend the time to file their brief. ECF No. 18. Appellee consented to this

further extension, and on November 13, 2023, the Court again extended Appellants' deadline to file. ECF No. 19.

By Court Order entered on November 13, 2023, this Court directed Appellants to file their opening brief in support of their appeal no later than December 29, 2023. *Id.* To date, Appellants' counsel has not submitted a brief. Nor has Appellants' counsel filed a motion to further extend the briefing schedule, which, under this Court's Rules, would have been due seven (7) days prior to the December 29 due date, on December 22, 2023. *See* D.C. Cir. Rule 28(e)(2) ("A motion to . . . extend the filing time for a brief must be filed at least 7 days before the brief is due. Motions filed less than 7 days before the due date will be denied absent exceptional circumstances[.]"). Appellants' failure to comply with this Court's Order and the Court's rules governing motions for extensions provides a basis for dismissal. *See, e.g.*, *Barber v. Am. Sec. Bank*, 841 F.2d 1159, 1162 (D.C. Cir. 1988) ("Counsel's failure to file his brief on time and his failure to file the proper motions evidence inexcusable disregard for the rules of this court and thus warrant dismissal.").

This Court also should reject any subsequently-filed motion by Appellants to further extend the filing time. This Court "disfavors motions . . . to extend the time for filing briefs," and "such motions will be granted only for ***extraordinarily compelling reasons***." D.C. Cir. Rule 28(e)(1) (emphasis added). Appellants have already submitted, and the Court has already granted, two motions to extend the time

for Appellants to file their brief in support of the appeal. *See* ECF Nos. 16-19. Although the Court originally ordered that Appellants file their brief no later than August 14, 2023, ECF No. 15, Appellants have since obtained two extensions that deferred the filing deadline a total of four months, until December 29, 2023. ECF Nos. 17, 19. Appellants have now missed that filing deadline.

This Court has afforded Appellants ample additional time to brief their arguments in support of their appeal, notwithstanding any illness and/or caseload burdens claimed by Appellants' counsel in his motions. ECF Nos. 16 at 1-2, 18 at 1-2. Because Appellants have failed to meaningfully prosecute this action, dismissal of the appeal is warranted. For the foregoing reasons, Appellee ICBC Limited respectfully requests that this Court grant its motion to dismiss the appeal with prejudice.

DATED: January 16, 2024

Respectfully submitted,

*/s/ Daniel Levin*

WHITE & CASE
Daniel Levin
701 Thirteenth Street, NW
Washington, D.C. 20005
T: (202) 626-3583
E: daniel.levin@whitecase.com

Jacqueline L. Chung
1221 Avenue of the Americas
New York, NY 10020
T: (212) 819-7844
E: jacqueline.chung@whitecase.com

*Counsel for Appellee ICBC Limited*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 835 words according to the count of Microsoft Word, excluding the parts exempted by Fed. R. App. Pro. 32(f).

I further certify that this document complies with the typeface requirements of Fed. R. App. Pro. 32(a)(5) and the type-style requirements of Fed. R. App. Pro. 32(a)(6) because it was prepared in Microsoft Word with the proportionally-spaced typeface of Times New Roman 14-point font.

DATED: January 16, 2024

*/s/ Daniel Levin*
Daniel Levin

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals using the CM/ECF system. I further certify that service upon Appellants' counsel of record, Ning Ye, was accomplished by electronic filing via the CM/ECF system.

DATED: January 16, 2024

*/s/ Daniel Levin*
Daniel Levin